IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WHATLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0013-N-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Whatley, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 1990, petitioner was sentenced to 35 years in prison after pleading guilty to sexual assault and unlawful possession of a controlled substance. Since his incarceration, petitioner has been denied parole nine times. At issue in this proceeding is the most recent parole decision, issued on August 18, 2009, denying early release to petitioner, presumably because of his history of committing violent criminal acts and the circumstances of the underlying offenses.[1] Petitioner challenged the parole decision in an application for state post-conviction relief. The application was

---

[1] It is not clear from the record why petitioner was denied parole in August 2009. However, on at least six prior occasions, petitioner was denied parole because of his history of committing violent criminal acts and the circumstances of the instant offense. *See Ex parte Whatley*, WR-72,416-01, Tr. at 36-47.

denied without written order. *Ex parte Whatley*, WR-72,416-02 (Tex. Crim. App. Dec. 1, 2010). Petitioner then filed this action in federal district court.

II.

Petitioner seeks relief on three broad grounds. As best the court understands his claims, petitioner appears to contend that: (1) the parole board violated his right to due process by denying release based on "non-changing factors" and by not considering his rehabilitative efforts in prison; (2) the retroactive application of the Texas parole laws violates the *ex post facto* clause of the United States Constitution; and (3) the parole board acted outside the authority granted by statute in violation of state law.[2]

A.

In his first ground for relief, petitioner contends that he was denied due process because the parole board based its decision on "non-changing factors" -- his criminal history and the circumstances of the underlying offenses -- instead of considering his rehabilitative efforts while in prison. A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). Because petitioner does not have a constitutional right to parole, he "cannot mount a challenge against any state parole review procedure on . . . Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 31-32.

---

[2] As part of his answer, respondent argues that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 6-13). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.").

B.

Petitioner also challenges the retroactive application of Tex. Gov't Code § 508.141(g), which authorizes the parole board to set-off for up to five years his next parole review. Retroactive changes in state parole laws may, in some instances, have *ex post facto* implications. *See Garner v. Jones*, 529 U.S. 244, 250, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). In the parole context, a change in the law violates the *ex post facto* clause of the United States Constitution if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Wood v. Quarterman*, No. 3-08-CV-2283-N, 2009 WL 2015109 at *1 (N.D. Tex. Jul. 10, 2009), *aff'd*, 409 Fed.Appx. 735, 2010 WL 5761836 (5th Cir. Dec. 15, 2010), *cert. denied*, 131 S.Ct. 2451 (2011), *quoting Chambers v. Dretke*, No. H-05-2238, 2005 WL 2045460 at *1 (S.D. Tex. Aug. 24, 2005).

Under the law in effect at the time petitioner committed the underlying offenses, the parole board reviewed prisoners after one year and had authority to deny release, or set-off parole, for up to three years. *See Morris v. Aycock*, 350 Fed.Appx. 894, 896, 2009 WL 3416243 at *2 (5th Cir. Oct. 23, 2009). On January 1, 2004, the Texas Legislature enacted Senate Bill 917, which authorizes the parole board to issue a five-year parole set-off date for certain serious offenses. *See Chambers*, 2005 WL 2045460 at *1. SB 917, which is codified at Tex. Gov't Code § 508.141(g) and Tex. Admin. Code § 145.12, provides, in pertinent part:

> The board shall adopt a policy establishing the date on which the board may reconsider for release an inmate who has previously been denied release. The policy must require the board to reconsider for release an inmate serving a sentence for an offense listed in Section 508.149(a) during a month designated by the parole panel that denied release. The designated month must begin after the first anniversary of the date of the denial and end before the fifth anniversary of the date of the denial. The policy must require the board to reconsider for release an inmate other than an inmate serving a sentence for an offense listed in Section 508.149(a) as soon as practicable after the first anniversary of the date of the denial.

TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2009).[3] The policy adopted by the parole board pursuant to this statute provides:

> A case reviewed by a parole panel for parole consideration may be:
>
> * * * *
>
> denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off). The next review date (Month/Year) for an offender serving a sentence listed in § 508.149(a), Government Code, may be set at any date after the first anniversary of the date of denial and end before the fifth anniversary of the date of denial. The next review date for an offender serving a sentence not listed in § 508.149(a), Government Code, shall be as soon as practicable after the first anniversary of the denial[.]

37 Tex. Admin. Code Ann. § 145.12(2) (Vernon 2007).

Neither Tex. Gov't Code § 508.141(g) nor Tex. Admin. Code § 145.12 negatively affects petitioner's *eligibility* for parole review. Rather, the new law "merely changes the rules governing the timing of subsequent parole reviews." *Chambers*, 2005 WL 2045460 at *2; *see also Anders v. Quarterman*, No. 3-08-CV-0648-M, 2010 WL 637795 at *2-3 (N.D. Tex. Feb. 23, 2010), *COA denied*, No. 10-10287 (5th Cir. Oct. 1, 2010); *Wood*, 2009 WL 2015109 at *2; *Webb v. Quarterman*, No. 3-06-CV-2259-D, 2007 WL 4166159 at *2 (N.D. Tex. Sept. 13, 2007), *rec. adopted*, 2007 WL 4165716 (N.D. Tex. Nov. 21, 2007), *COA denied*, No. 07-11241 (5th Cir. May 29, 2008); *Mondy v. Quarterman*, No. 3-06-CV-2314-P, 2007 WL 30263 at *2 (N.D. Tex. Jan. 4, 2007), *COA denied*, No. 07-10189 (5th Cir. Jul. 19, 2007). This change in policy "creates only the most speculative and attenuated risk of increasing the measure of [ ] punishment." *Olstad v. Collier*, 326 Fed.Appx. 261, 264, 2009 WL 1116284 at *2 (5th Cir. Apr. 27, 2009), *citing Garner*, 120 S.Ct. at 1369-70; *see also Morris*, 2009 WL 3416243 at *2 (noting that ability of parole board to impose a longer period

---

[3] Petitioner is serving a 35-year sentence for sexual assault, which is an offense listed under Tex. Gov't Code § 508.149(a)(6).

between reviews does not necessarily mean that prisoner will be incarcerated for a longer period). As a result, there is no *ex post facto* violation.

C.

Without citing any authority, petitioner argues that the parole board acted outside the authority granted by statute in violation of state law. Such conclusory assertions do not merit habeas relief. *See Coker v. Thaler*, 670 F.Supp.2d 541, 552-53 (N.D. Tex. 2009), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010). To the extent petitioner contends that the application of SB 917 constitutes an impermissible bill of attainder, (*see* Hab. Pet. at 7, ¶ 20(c) & Pet. Br. at 16-17), his argument is without merit. "A bill of attainder is a legislative act which inflicts punishment without a judicial trial against an identifiable person or group." *Webb*, 2007 WL 4166159 at *2, *citing Shankles v. Director, TDCJ-ID*, 877 F.Supp. 346, 352 (E.D. Tex. 1995).[4] Here, petitioner fails to allege, much less prove, that SB 917 targets him specifically. Instead, the law governing parole eligibility reviews apply to all Texas prisoners. This ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[4] *Shankles* notes that there are only five reported cases where the United States Supreme Court has found a statutory act to be an impermissible bill of attainder. *Shankles*, 877 F.Supp. at 352, *citing United States v. Brown*, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965); *United States v. Lovett*, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946); *Pierce v. Carskadon*, 83 U.S. (16 Wall.) 234, 21 L.Ed. 276 (1872); *Ex Parte Garland*, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1866); *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 18 L.Ed. 356 (1866).

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE